STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1227

CHARLES BUTLER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* APR 0 8 2022

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C703765

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * * *

Charles Butler
Angola, Louisiana

Plaintiff/Appellant
Pro Se

Elizabeth B. Desselle
Baton Rouge, Louisiana

Counsel for Appellee
Louisiana Department of Public
Safety and Corrections

* * * * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

McClendon, J. agrees and assigns additional reasons.

**THERIOT, J.**

Charles Butler ("Mr. Butler") appeals the judgment of the Nineteenth Judicial District Court dismissing his petition for writ of mandamus as moot, without prejudice, at Mr. Butler's costs. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On September 1, 2020, Mr. Butler submitted a request for an administrative remedy procedure ("ARP") regarding the alleged illegal withholding of his mail. In his complaint, Mr. Butler contended that he had a subscription to Rolling Stones magazine, but he did not receive the July 2020 issue, which had a photo of a Black Lives Matter protest on the cover. Mr. Butler stated that he wrote the mail room twice, but he never received the magazine or any assistance in finding out what happened to the magazine. He alleged that he did not receive his July 2020 magazine because the employees who work in the mail room illegally withheld or destroyed it. Mr. Butler ended his complaint requesting no retaliation for filing the complaint; that the magazine to be sent to him or that the department pay for another one if they destroyed it; that all forms of racism stop immediately; that the mail room policies and procedures be strictly adhered to; and that the responsible party or parties in the mail room be disciplined.

On January 19, 2021, Mr. Butler filed a petition for writ of mandamus against the Louisiana Department of Safety and Corrections ("LDPSC"). Mr. Butler asserted that he was an inmate with LDPSC and that LDPSC failed to perform a ministerial duty, which had impeded Mr. Butler from seeking judicial intervention. Mr. Butler alleged that LDPSC did not respond to his September 1, 2020 complaint within the time limits set by law.

On April 22, 2021, Lieutenant Cindy Vannoy and Assistant Warden III Jeremy McKey responded to Mr. Butler's ARP. The response indicated that the magazine was originally held to see if other institutions were objecting to it.

2

However, it was reviewed and approved for delivery on October 6, 2020. The response further indicated that the magazine was "sorted for delivery and placed in the appropriate camp location bag on that date for delivery to offender recipients." Mr. Butler received the response on April 27, 2021.

On July 14, 2021, the trial court rendered a judgment wherein Mr. Butler's petition for writ of mandamus was dismissed as moot, without prejudice, at Mr. Butler's cost. It is from this judgment that Mr. Butler appeals.

## ASSIGNMENT OF ERROR

Mr. Butler contends that the trial court erred in casting him with costs of the mandamus proceeding that was dismissed as moot.

## STANDARD OF REVIEW

Louisiana Code of Civil Procedure article 1920 states that, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Under the jurisprudence, while the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party who prevailed on the merits. *Bourg v. Cajun Cutters, Inc.*, 2014-0210, p. 27 (La. App. 1st Cir. 5/7/15), 174 So. 3d 56, 73, writs denied, 2015-1306, 2015-1253 (La. 4/4/16), 190 So. 3d 1201 and 1205; *Anglin v. Anglin*, 2009-0844, p. 9 (La. App. 1st Cir. 12/16/09), 30 So. 3d 746, 753-54. Moreover, upon review, an appellate court will not disturb the trial court's fixing of costs absent an abuse of the sound discretion afforded the trial court. *Bourg*, 174 So. 3d at 74. The trial court has great discretion in matters relating to the assessment of costs. *Harris v. City of Baton Rouge*, 2016-0163, p. 3 (La. App. 1st Cir. 12/22/16), 209 So. 3d 405, 408, writ denied, 2017-00155 (La. 3/31/17), 217 So. 3d 360.

3

## DISCUSSION

In his assignment of error, Mr. Butler contends that the trial court erred in casting him with costs of the mandamus that was dismissed as moot. This court has recently issued two opinions which contained similar fact patterns to the instant case. In *Reed v. Louisiana Department of Public Safety and Corrections*, 2020-0091 (La. App. 1st Cir. 11/2/20), 2020 WL 6390526, (unpublished), <u>writ denied</u>, 2020-01385 (La. 1/12/21), 308 So. 3d 710, the plaintiff was an inmate of LDPSC when he filed an ARP. The plaintiff subsequently filed a petition for a writ of mandamus to compel LDPSC to respond to his ARP. LDPSC filed a motion to dismiss the petition, arguing that the plaintiff had not exhausted his administrative remedies. The plaintiff then filed a motion for voluntary dismissal of the petition, claiming that LDPSC had complied with his request. At a hearing before the trial court, the petition for writ of mandamus was declared moot due to LDPSC's compliance with the plaintiff's request, and LDPSC was cast with costs. LDPSC appealed the judgment, arguing the trial court was in error to cast it with costs. *Reed*, 2020 WL 6390526, at *1 (unpublished). We stated in *Reed* that the trial court has broad discretion in how it decides to apportion the costs of the proceeding among the parties, and the trial court may apportion those costs in whichever proportion it deems equitable, even against a party who prevailed on the merits. *Reed*, 2020 WL 6390526, at *2 (unpublished). We found that the trial court did not abuse its broad discretion in ordering LDPSC to pay all costs. *Reed*, 2020 WL 6390526, at *4 (unpublished).

In *Taylor v. Louisiana Department of Public Safety & Corrections*, 2020-0095 (La. App. 1st Cir. 11/12/20), 316 So. 3d 32, <u>writ denied</u>, 2020-01424 (La. 2/9/21), 310 So. 3d 170, the plaintiff was an inmate of LDPSC when he filed an ARP. The plaintiff filed a petition for writ of mandamus, claiming that LDPSC had not timely responded to his application for an ARP. The plaintiff requested that

LDPSC "produce the required administrative responses and documents that will exhaust his administrative remedies" and that all costs of the proceeding be assessed to LDPSC. LDPSC filed a motion to dismiss the plaintiff's petition for failure to exhaust all administrative remedies. At a hearing, it was established that LDPSC had responded to the plaintiff's ARP and that the plaintiff had received a copy of the response. *Taylor*, 316 So. 3d at 33. The trial court signed a judgment that dismissed the petition for writ of mandamus without prejudice at LDPSC's cost. LDPSC appealed the portion of judgment that cast it with costs. We found in *Taylor* that the trial court has great discretion in assessing costs to whichever party in a way that is equitable, and it was not an abuse of discretion to cast costs entirely to LDPSC. *Taylor*, 316 So. 3d at 34.

Since the trial court has broad discretion in how it decides to apportion the costs of the proceeding among the parties, and the trial court may apportion those costs in whichever proportion it deems equitable, even against a party who prevailed on the merits, we cannot find that the trial court abused its discretion by casting the costs to Mr. Butler.

## DECREE

The judgment of the Nineteenth Judicial District Court dismissing, without prejudice, the petition for writ of mandamus as moot, at Charles Butler's costs is affirmed. All costs of this appeal are assessed to Charles Butler.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1227

CHARLES BUTLER

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., agrees and assigns additional reasons.**

I agree with the majority. I write solely to note that while I dissented in the cases relied upon by the majority, **Reed v. Louisiana Department of Public Safety & Corrections**, 2020-0091 (La.App. 1 Cir. 11/2/20), writ denied, 2020-01385 (La. 1/12/21), 308 So.3d 710, and **Taylor v. Louisiana Department of Public Safety & Corrections**, 2020-0095 (La.App. 1 Cir. 11/12/20), 316 So.3d 32, writ denied, 2020-01424 (La. 2/9/21), 310 So.3d 170, I find those cases to be distinguishable from the instant matter.